UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

TUCKER LAMB and JUSTINE RICHARDS, in
their individual capacities and on behalf of others
similarly situated,

                         Plaintiffs,

      v.

SINGH HOSPITALITY GROUP, INC.;
HARENDRA SINGH, an individual; RAJ & RAJ
REALTY, LTD., d/b/a H.R. Singleton's or
Singleton's; SRB CONCESSION INC., d/b/a
Singleton's Seafood Shack; QUINN
RESTAURANT CORP. d/b/a Water's Edge;
S.R.B. CONVENTION & CATERING CORP
d/b/a The Woodlands; H&R CONCESSIONS
INC. d/b/a Poco Loco; BRS RESTAURANT INC.;
f/d/b/a Thom Thom's Steak & Seafood; and RBS
RESTAURANTS INC. f/d/b/a Ruby's Famous
BBQ Joint,

                       Defendants.

_____

**ANSWER**

Civil Action No.:  11-CV-6060

      Defendants, Singh Hospitality Group, Inc.; Harendra Singh, an individual; Raj & Raj Realty,

Ltd., d/b/a H.R. Singleton's or Singleton's; SRB Concession Inc., d/b/a Singleton's Seafood Shack;

Quinn Restaurant Corp. d/b/a Water's Edge; S.R.B. Convention & Catering Corp d/b/a The

Woodlands; H&R Concessions Inc. d/b/a Poco Loco; BRS Restaurant Inc.; f/d/b/a Thom Thom's

Steak & Seafood; and RBS Restaurants Inc. f/d/b/a Ruby's Famous BBQ Joint (the "Defendants"),

by and through their attorneys, Harris Beach PLLC, for their Answer to Plaintiffs' Complaint, state

as follows:

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

1.     With respect to the allegations contained in paragraph "1" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

2.     With respect to the allegations contained in paragraph "2" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

3.     With respect to the allegations contained in paragraph "3" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, admit that Plaintiffs purport to assert the statutory and jurisdictional basis for the Complaint pursuant to the statutes cited therein, and otherwise deny the remaining allegations contained in said paragraph.

4.     With respect to the allegations contained in paragraph "4" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, admit that Plaintiffs purport to assert the statutory and jurisdictional basis for the Complaint pursuant to the statutes cited therein, and otherwise deny the remaining allegations contained in said paragraph.

5.     With respect to the allegations contained in paragraph "5" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, admit that Plaintiffs purport to assert the statutory basis for venue of the action pursuant to the statutes cited therein, and otherwise deny the remaining allegations contained in said paragraph.

6.     With respect to the allegations contained in paragraph "6" of the Complaint, Defendants admit that Defendant Singh Hospitality Group, Inc., is a domestic corporation incorporated under the laws of the State of New York, with a facility located at 150 Hicksville Road, Bethpage, NY, 11714, in Nassau County, and otherwise deny the remaining allegations contained in said paragraph.

7.      With respect to the allegations contained in paragraph "7" of the Complaint, Defendants admit that Defendant Singh Hospitality Group, Inc. has restaurant facilities located in the Long Island area and that businesses named Long Fin Seafood, Thom Thom's Steak and Seafood and Ruby's Famous BBQ Joint are no longer operational under those names.  Defendants otherwise deny the remaining allegations contained in said paragraph.

8.      With respect to the allegations contained in paragraph "8" of the Complaint, Defendants admit that Defendant Singh Hospitality Group, Inc. has had annual gross revenues in excess of $500,000.

9.      With respect to the allegations contained in paragraph "9" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

10.     With respect to the allegations contained in paragraph "10" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

11.     With respect to the allegations contained in paragraph "11" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

12.     With respect to the allegations contained in paragraph "12" of the Complaint, Defendants admit that Defendant Raj & Raj Realty, Ltd. is a domestic corporation incorporated under the laws of the State of New York, with a facility located at 150 Hicksville Road, Bethpage,

NY, 11714, in Nassau County, and otherwise deny the remaining allegations contained in said paragraph.

13.     With respect to the allegations contained in paragraph "13" of the Complaint, Defendants admit that Defendant Raj & Raj Realty, Ltd. does business as H.R. Singleton's Classic American Grille, and otherwise deny the remaining allegations contained in said paragraph.

14.     With respect to the allegations contained in paragraph "14" of the Complaint, Defendants admit that Plaintiff Lamb's pay stubs bear the name Raj & Raj Realty, Ltd.

15.     With respect to the allegations contained in paragraph "15" of the Complaint, Defendants admit that Defendant Raj & Raj Realty, Ltd. has had annual gross revenues in excess of $500,000.

16.     With respect to the allegations contained in paragraph "16" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

17.     With respect to the allegations contained in paragraph "17" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

18.     With respect to the allegations contained in paragraph "18" of the Complaint, Defendants admit that Defendant SRB Concession Inc. is a domestic corporation incorporated under the laws of the State of New York, with a facility located at 1 Ocean Parkway, Massapequa, NY 11758, in Nassau County, and otherwise deny the remaining allegations contained in said paragraph.

19.     With respect to the allegations contained in paragraph "19" of the Complaint, Defendants admit that Defendant SRB Concession Inc. does business as Singleton's Seafood Shack and Singleton's Salsa Shack, and otherwise deny the remaining allegations contained in said paragraph.

20.     With respect to the allegations contained in paragraph "20" of the Complaint, Defendants admit that Defendant SRB Concession Inc. has had annual gross revenues in excess of $500,000.

21.     With respect to the allegations contained in paragraph "21" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

22.     With respect to the allegations contained in paragraph "22" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

23.     With respect to the allegations contained in paragraph "23" of the Complaint, Defendants admit that Defendant S.R.B. Convention and Catering Corp. is a domestic corporation incorporated under the laws of the State of New York, with a facility located at 1 Southwoods Road, Woodbury, NY, 11797, in Nassau County, and otherwise deny the remaining allegations contained in said paragraph.

24.     With respect to the allegations contained in paragraph "24" of the Complaint, Defendants admit that Defendant SRB Convention and Catering Corp. does business as The Woodlands.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

5

25.     With respect to the allegations contained in paragraph "25" of the Complaint, Defendants admit that Defendant SRB Convention and Catering Corp. has had annual gross revenues in excess of $500,000.

26.     With respect to the allegations contained in paragraph "26" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

27.     With respect to the allegations contained in paragraph "27" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

28.     With respect to the allegations contained in paragraph "28" of the Complaint, Defendants admit that Defendant BRS Rest. Inc. is a domestic corporation incorporated under the laws of the State of New York, and otherwise deny the remaining allegations contained in said paragraph.

29.     With respect to the allegations contained in paragraph "29" of the Complaint, Defendants admit that Defendant BRS Rest., Inc. formerly did business as Thom Thom's Steak and Seafood.

30.     With respect to the allegations contained in paragraph "30" of the Complaint, Defendants admit that Defendant BRS Rest., Inc. had annual gross revenues in excess of $500,000.

31.     With respect to the allegations contained in paragraph "31" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its

true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

32.     With respect to the allegations contained in paragraph "32" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

33.     With respect to the allegations contained in paragraph "33" of the Complaint, Defendants admit that Defendant RBS Restaurants Inc. is a domestic corporation incorporated under the laws of the State of New York, and otherwise deny the remaining allegations contained in said paragraph.

34.     With respect to the allegations contained in paragraph "34" of the Complaint, Defendants admit that Defendant RBS Restaurants Inc. formerly did business as Ruby's Famous BBQ Joint.

35.     With respect to the allegations contained in paragraph "35" of the Complaint, Defendants admit that Defendant RBS Restaurants, Inc. has had annual gross revenues in excess of $500,000.

36.     With respect to the allegations contained in paragraph "36" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

37.     With respect to the allegations contained in paragraph "37" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its

true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

38. With respect to the allegations contained in paragraph "38" of the Complaint, Defendants admit that H & R Convention and Catering Corp. is a domestic corporation incorporated under the laws of the State of New York, with a facility located at 1431 Old Northern Boulevard, Roslyn, NY 11576, in Nassau County, and otherwise deny the remaining allegations contained in said paragraph.

39. With respect to the allegations contained in paragraph "39" of the Complaint, Defendants admit that Defendant H&R Convention and Catering Corp. does business as Poco Loco Mexican Restaurant.

40. With respect to the allegations contained in paragraph "40" of the Complaint, Defendants admit that Defendant H&R Convention and Catering Corp. has had annual gross revenues in excess of $500,000.

41. With respect to the allegations contained in paragraph "41" of the Complaint that set forth conclusions of law, no response is required. Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

42. With respect to the allegations contained in paragraph "42" of the Complaint that set forth conclusions of law, no response is required. Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

43. With respect to the allegations contained in paragraph "43" of the Complaint, Defendants admit that Quinn Restaurant Corporation is a domestic corporation incorporated under

the laws of the State of New York, with a facility located at 4-01 44th Drive, Long Island City, NY 11101, in Queens County, and otherwise deny the remaining allegations contained in said paragraph.

44.     With respect to the allegations contained in paragraph "44" of the Complaint, Defendants admit that Defendant Quinn Restaurant Corp. does business as The Water's Edge.

45.     With respect to the allegations contained in paragraph "45" of the Complaint, Defendants admit that Defendant Quinn Restaurant Corp. has had annual gross revenues in excess of $500,000.

46.     With respect to the allegations contained in paragraph "46" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

47.     With respect to the allegations contained in paragraph "47" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

48.     With respect to the allegations contained in paragraph "48" of the Complaint, Defendants admit that Defendant Harendra Singh is an individual residing in Laurel Hollow, New York, in Nassau County.

49.     With respect to the allegations contained in paragraph "49" of the Complaint, Defendants affirmatively state that Defendant Singh is an officer of Defendants Singh Hospitality Group, Inc., Raj & Raj Realty, Ltd., SRB Concession Inc., Quinn Restaurant Corp., H. & R. Convention & Catering Corp., H&R Concessions Inc., BRS Restaurant Inc., and RBS Restaurants

HARRIS BEACH PLLC
ATTORNEYS AT LAW

Inc., and his responsibilities are consistent with that position.  Defendants otherwise deny each and every remaining allegation in said paragraph.

50.    With respect to the allegations contained in paragraph "50" of the Complaint, Defendants affirmatively state that Defendant Singh is an officer of Defendants Singh Hospitality Group, Inc., Raj & Raj Realty, Ltd., SRB Concession Inc., Quinn Restaurant Corp., H. & R. Convention & Catering Corp., H&R Concessions Inc., BRS Restaurant Inc., and RBS Restaurants Inc., and possesses responsibilities, authority and decision-making ability consistent with that position.  Defendants otherwise deny each and every remaining allegation in said paragraph.

51.    With respect to the allegations contained in paragraph "51" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny the remaining allegations contained in said paragraph.

52.    With respect to the allegations contained in paragraph "52" of the Complaint, Defendants affirmatively state that Defendant Singh holds shares of private stock of Defendant Singh Hospitality Group, Inc.  Defendants otherwise deny each and every remaining allegation in said paragraph.

53.    With respect to the allegations contained in paragraph "53" of the Complaint, Defendants affirmatively state that Defendant Singh holds shares of private stock of Defendant Raj & Raj Realty, Ltd.  Defendants otherwise deny each and every remaining allegation in said paragraph.

54.    With respect to the allegations contained in paragraph "54" of the Complaint, Defendants refer to the statute cited therein for its true and correct content only.  Defendants deny each and every allegation in said paragraph.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

55.     With respect to the allegations contained in paragraph "55" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity about where Plaintiff Lamb currently resides, and otherwise deny the remaining allegations contained in said paragraph.

56.     With respect to the allegations contained in paragraph "56" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny each and every allegation contained in said paragraph.

57.     With respect to the allegations contained in paragraph "57" of the Complaint, Defendants admit that Plaintiff Lamb has worked for Defendants RBS Restaurants Inc., and Raj & Raj Realty, Ltd. from August 2010 to the present, and otherwise deny the remaining allegations contained in said paragraph.

58.     With respect to the allegations contained in paragraph "58" of the Complaint, Defendants admit that Plaintiff Lamb has been paid on an hourly basis at a certain rate of pay, and otherwise deny the remaining allegations contained in said paragraph.

59.     With respect to the allegations contained in paragraph "59" of the Complaint, Defendants admit that Plaintiff Lamb has been paid an hourly rate plus tips, and otherwise deny the remaining allegations contained in said paragraph.

60.     With respect to the allegations contained in paragraph "60" of the Complaint, Defendants admit that Plaintiff Lamb has entered customer orders and logged time worked on a "POS" (point of sale) unit.  Defendants otherwise deny each and every allegation contained in said paragraph.

61.     With respect to the allegations contained in paragraph "61" of the Complaint, Defendants admit that Plaintiff Lamb's shifts varied, and otherwise deny each and every allegation in said paragraph.

62.     With respect to the allegations contained in paragraph "62" of the Complaint, Defendants deny each and every allegation in said paragraph.

63.     With respect to the allegations contained in paragraph "63" of the Complaint, Defendants deny each and every allegation in said paragraph.

64.     With respect to the allegations contained in paragraph "64" of the Complaint, Defendants deny each and every allegation in said paragraph.

65.     With respect to the allegations contained in paragraph "65" of the Complaint, Defendants deny each and every allegation in said paragraph.

66.     With respect to the allegations contained in paragraph "66" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity about where Plaintiff Richards currently resides, and otherwise deny each and every allegation contained in said paragraph.

67.     With respect to the allegations contained in paragraph "67" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statute cited therein for its true and correct content only, and otherwise deny each and every allegation contained in said paragraph.

68.     With respect to the allegations contained in paragraph "68" of the Complaint, Defendants admit that Plaintiff Richards worked for Defendants RBS Restaurants Inc., and Raj & Raj Realty, Ltd. from July 2010 to December 2010, and otherwise deny the remaining allegations contained in said paragraph.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

12

69.     With respect to the allegations contained in paragraph "69" of the Complaint, Defendants admit that Plaintiff Richards has been paid on an hourly basis at a certain rate of pay, and otherwise deny each and every allegation in said paragraph.

70.     With respect to the allegations contained in paragraph "70" of the Complaint, Defendants admit that Plaintiff Richards has been paid an hourly rate, and otherwise deny the remaining allegations contained in said paragraph.

71.     With respect to the allegations contained in paragraph "71" of the Complaint, Defendants admit that Plaintiff Richards has entered customer orders and logged time worked on a "POS" (point of sale) unit.  Defendants otherwise deny each and every allegation contained in said paragraph.

72.     With respect to the allegations contained in paragraph "72" of the Complaint, Defendants deny each and every allegation in said paragraph.

73.     With respect to the allegations contained in paragraph "73" of the Complaint, Defendants deny each and every allegation in said paragraph.

74.     With respect to the allegations contained in paragraph "74" of the Complaint, Defendants deny each and every allegation contained in said paragraph.

75.     With respect to those allegations contained in paragraph "75" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statutes and authorities cited therein for their true and correct content.  Defendants admit that the named Plaintiffs purport to bring this action on behalf of all nonexempt workers employed by Defendants on or after the date three years before the Complaint was filed, but deny all remaining allegations contained in this paragraph of the Complaint.

76.     Defendants deny the allegations contained in paragraph "76" of the Complaint.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

13

77.     Defendants deny the allegations contained in paragraph "77" of the Complaint.

78.     With respect to the allegations contained in paragraph "78" of the Complaint, Defendants deny that a collective is appropriate in this action, and that notices should be issued via any method.   Defendants deny all remaining allegations contained in this paragraph of the Complaint.

79.     With respect to those allegations contained in paragraph "79" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statutes and authorities cited therein for their true and correct content.  Defendants admit that the named Plaintiffs purport to bring this action on behalf of all nonexempt workers employed by Defendants on or after the date six years before the Complaint was filed, but deny all remaining allegations contained in this paragraph of the Complaint.

80.     With respect to those allegations contained in paragraph "80" of the Complaint that set forth conclusions of law, no response is required.  Defendants refer to the statutes and authorities cited therein for their true and correct content.  With respect to the remaining allegations contained in this paragraph of the Complaint, Defendants deny that a class is appropriate in this action, and that notices should be issued via any method, and deny all remaining allegations.

81.     With respect to the allegations contained in paragraph "81" of the Complaint, Defendants admit that there is likely more than fifty (50) individuals in the proposed NYLL class, but deny that a class is appropriate in this case.  Defendants deny all remaining allegations contained in this paragraph of the Complaint.

82.     Defendants deny the allegations contained in paragraph "82" of the Complaint.

83.     Defendants deny the allegations contained in paragraph "83" of the Complaint.

84.     Defendants deny the allegations contained in paragraph "84" of the Complaint.

85.     Defendants deny the allegations contained in paragraph "85" of the Complaint.

86.     Defendants deny the allegations contained in paragraph "86" of the Complaint.

87.     Defendants deny the allegations contained in paragraph "87" of the Complaint.

88.     Defendants deny the allegations contained in paragraph "88" of the Complaint.

89.     With respect to the allegations contained in paragraph "89" of the Complaint, Defendants incorporate by reference their answers to paragraphs "1" through "88" of Plaintiffs' Complaint as if set forth fully herein.

90.     Defendants deny the allegations contained in paragraph "90" of the Complaint.

91.     Defendants deny the allegations contained in paragraph "91" of the Complaint.

92.     Defendants deny the allegations contained in paragraph "92" of the Complaint.

93.     Defendants deny the allegations contained in paragraph "93" of the Complaint.

94.     Defendants deny the allegations contained in paragraph "94" of the Complaint.

95.     Defendants deny the allegations contained in paragraph "95" of the Complaint.

96.     Defendants deny the allegations contained in paragraph "96" of the Complaint.

97.     Defendants deny the allegations contained in paragraph "97" of the Complaint.

98.     With respect to the allegations contained in paragraph "98" of the Complaint that set forth conclusions of law, no response is required.   Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

99.     Defendants deny the allegations contained in paragraph "99" of the Complaint.

100.    Defendants deny the allegations contained in paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in paragraph "101" of the Complaint.

102.    Defendants deny the allegations contained in paragraph "102" of the Complaint.

103.    Defendants deny the allegations contained in paragraph "103" of the Complaint.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

104.     Defendants deny the allegations contained in paragraph "104" of the Complaint.

105.     Defendants deny the allegations contained in paragraph "105" of the Complaint.

106.     With respect to the allegations contained in Paragraph "106" of the Complaint, Defendants admit that on some occasions employees were paid later than their scheduled pay day, and otherwise deny the remaining allegations contained in said paragraph.

107.     With respect to the allegations contained in paragraph "107" of the Complaint, Defendants refer to the cases cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

108.     With respect to the allegations contained in paragraph "108" of the Complaint, Defendants refer to the statutes and regulations cited therein for their true and correct content only. Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

109.     Defendants admit the allegations contained in paragraph "109" of the Complaint.

110.     Defendants deny the allegations contained in paragraph "110" of the Complaint.

111.     Defendants deny the allegations contained in paragraph "111" of the Complaint.

112.     Defendants deny the allegations contained in paragraph "112" of the Complaint.

113.     With respect to the allegations contained in paragraph "113" of the Complaint, Defendants incorporate by reference their answers to paragraphs "1" through "112" of Plaintiffs' Complaint as if set forth fully herein.

114.     With respect to the allegations contained in paragraph "114" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

115.    With respect to the allegations contained in paragraph "115" of the Complaint, Defendants refer to the regulations cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

116.    With respect to the allegations contained in paragraph "116" of the Complaint, Defendants refer to the regulations cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

117.    With respect to the allegations contained in paragraph "117" of the Complaint, Defendants refer to the regulations cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

118.    With respect to the allegations contained in paragraph "118" of the Complaint, Defendants refer to the regulations cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

119.    With respect to the allegations contained in paragraph "119" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

120.    With respect to the allegations contained in paragraph "120" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

121.    With respect to the allegations contained in paragraph "121" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only.  Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

122.    With respect to the allegations contained in paragraph "122" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only.  Defendants

admit that the New York Commissioner of Labor issued no authority addressed specifically to them regarding meal periods, and deny the remaining allegations contained in the paragraph of the Complaint.

123.    Defendants deny the allegations contained in paragraph "123" of the Complaint.

124.    With respect to the allegations contained in paragraph "124" of the Complaint, Defendants refer to the statutes and regulations cited therein for their true and correct content only. Defendants otherwise deny the remaining allegations contained in this paragraph of the Complaint.

125.    Defendants deny the allegations contained in paragraph "125" of the Complaint.

126.    With respect to the allegations contained in paragraph "126" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

127.    With respect to the allegations contained in paragraph "127" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

128.    With respect to the allegations contained in paragraph "128" of the Complaint, Defendants refer to the regulations cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

129.    With respect to the allegations contained in paragraph "129" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

130.    With respect to the allegations contained in paragraph "130" of the Complaint, Defendants refer to the statutes and regulations cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

131.   With respect to the allegations contained in paragraph "131" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

132.   With respect to the allegations contained in paragraph "132" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

133.   With respect to the allegations contained in paragraph "133" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

134.   With respect to the allegations contained in paragraph "134" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

135.   Defendants deny the allegations contained in paragraph "135" of the Complaint.

136.   With respect to the allegations contained in paragraph "136" of the Complaint, Defendants refer to the statutes cited therein for their true and correct content only, and otherwise deny the remaining allegations contained in this paragraph of the Complaint.

137.   With respect to the allegations contained in paragraph "137" of the Complaint, Defendants incorporate by reference their answers to paragraphs "1" through "136" of Plaintiffs' Complaint as if set forth fully herein.

138.   Defendants deny the allegations contained in paragraph "138" of Plaintiffs' Complaint.

139.   Defendants deny the allegations contained in paragraph "139" of Plaintiffs' Complaint.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' claims and the claims of any purported member of the putative class fail to state a cause of action upon which the relief requested can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, Plaintiffs' claims and the claims of any purported member of the putative class are barred by the doctrines of waiver, estoppel, release, unclean hands, payment, accord and satisfaction, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

3. Upon information and belief, Plaintiffs' claims and the claims of any purported member of the putative class are barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Plaintiffs seek class action certification of this action, their Complaint fails because the individually-named Plaintiffs are inadequate representatives of any proposed class of members, are not "similarly situated" to others, and their claims are not typical for the purposes of the Fair Labor Standards Act and/or the New York Labor Law.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims must be dismissed to the extent that any violations of the Fair Labor Standards Act and/or the New York Labor Law were *de minimus*.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' Complaint must be dismissed because even if Plaintiffs and/or purported members of the putative class were not compensated for time during which they worked, Plaintiffs cannot establish that Defendants had actual or constructive knowledge of such work.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' Complaint must be dismissed with respect to any Defendants that do not constitute an "employer" for the Plaintiffs and/or any purported members of the putative class within the scope of the Fair Labor Standards Act and/or the New York Labor Law.

### EIGHTH AFFIRMATIVE DEFENSE

8.     To the extent that any policies or practices alleged to have resulted in the failure to compensate work suffered or permitted by Defendants were in fact applicable to Plaintiffs and/or any purported members of the putative class, these policies and practices did not violate the Fair Labor Standards Act and/or the New York Labor Law because they ensured complete and accurate time records were kept based upon the representations made by the affected employees.

### NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs are not entitled to any recovery because any allegedly unlawful acts or omissions by Defendants were made in good faith in conformity with and reliance upon applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to any class of employees to which Plaintiffs belong.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims must be dismissed to the extent that the time for which Plaintiffs seek compensation does not, in whole or part, constitute compensable working time.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims for liquidated damages must be dismissed because Defendants made a good-faith, reasonable effort to comply with the Fair Labor Standards Act and/or the New York Labor Law and at all times had reasonable grounds to believe they had not violated these laws.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

### TWELFTH AFFIRMATIVE DEFENSE

12.     The Plaintiffs do not meet the statutory standards contained in Federal Rule of Civil Procedure 23 for representing persons other than themselves, or for maintaining a class action including, without limitation, the prerequisites of commonality, numerosity, typicality, and/or adequacy of representation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims, and the claims of any purported members of the putative class, are barred to the extent that any of the Plaintiffs and/or purported class members have released such claims in connection with or pursuant to any prior settlement or other agreement with any or all of the Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     This Complaint is barred to the extent that the Civil Practice Law and Rules prohibits class actions under statutes that create or impose penalties or minimum measures of recovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Plaintiffs lack standing to represent other persons with respect to the claims set forth in this Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' Complaint must be dismissed because Plaintiffs and purported members of the putative class are exempt from the application of the minimum wage and overtime provisions of the Fair Labor Standards Act and the New York Labor Law, under the "professional", "executive", and/or "administrative" exemptions to the aforementioned laws.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiffs' claims are barred to the extent that Plaintiffs and/or any other purported member of the putative class failed to mitigate their damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     To the extent that Plaintiffs' Complaint seeks compensation for time allegedly deducted for meal periods, Plaintiffs claims must be dismissed because those periods were non-compensable "bona fide meal periods" within the definition of the Fair Labor Standards Act and/or the New York Labor Law.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiffs' Complaint fails to state a cause of action against Defendants upon which declaratory and/or injunctive relief may be granted.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     To the extent this Court dismisses Plaintiffs' federal-law causes of action, Plaintiff's state-law causes of action should be dismissed as well because this Court should refuse to exercise pendant or supplemental jurisdiction over such causes of action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     The Plaintiffs do not meet the statutory standards for representing persons other than themselves, or for maintaining a collective action because Plaintiffs are not similarly situated to each other, to the proposed class members or to any other person or persons for purposes of the Fair Labor Standards Act.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Upon information and belief, Plaintiffs' claims of purported members of the punitive class are barred in whole or in part by accord and satisfaction.

**WHEREFORE**, for all the foregoing reasons, Defendants, Singh Hospitality Group, Inc.; Harendra Singh, an individual; Raj & Raj Realty, Ltd., d/b/a H.R. Singleton's or Singleton's; SRB Concession Inc., d/b/a Singleton's Seafood Shack; Quinn Restaurant Corp. d/b/a Water's Edge; S.R.B. Convention & Catering Corp d/b/a The Woodlands; H&R Concessions Inc. d/b/a Poco Loco; BRS Restaurant Inc.; f/d/b/a Thom Thom's Steak & Seafood; and RBS Restaurants Inc. f/d/b/a Ruby's Famous BBQ Joint, respectfully demand judgment dismissing the Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in defense of this action, and that Defendants have such other and further relief as this Court deems just and proper.

Dated: February 6, 2012          **HARRIS BEACH PLLC**
       Uniondale, New York

                    By:       s/ William J.Garry
                          William J. Garry
                          *Attorneys for Defendants*
                          The Omni, Suite 901
                          333 Earl Ovington Blvd.
                          Uniondale, NY 11553
                          Fax:  (516) 880-0488
                          wgarry@harrisbeach.com

HARRIS BEACH PLLC
ATTORNEYS AT LAW

To:    Penn U. Dodson, Esq.
         GOLDBERG & DOHAN, LLP
         275 Madison Avenue, Suite 705
         New York, NY  10016
         Telephone:  (646) 502-7751
                     (800) 719-1617
         Fax:  (888) 272-8822
         pdodson@goldbergdohan.com

## CERTIFICATE OF SERVICE

I, WILLIAM GARRY, one of the attorneys for the Defendants, Singh Hospitality Group, Inc.; Harendra Singh, an individual; Raj & Raj Realty, Ltd., d/b/a H.R. Singleton's or Singleton's; SRB Concession Inc., d/b/a Singleton's Seafood Shack; Quinn Restaurant Corp. d/b/a Water's Edge; S.R.B. Convention & Catering Corp d/b/a The Woodlands; H&R Concessions Inc. d/b/a Poco Loco; BRS Restaurant Inc.; f/d/b/a Thom Thom's Steak & Seafood; and RBS Restaurants Inc. f/d/b/a Ruby's Famous BBQ Joint, hereby certify that on February 6, 2012, I electronically filed the foregoing ANSWER with the clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Penn U. Dodson, Esq.
GOLDBERG & DOHAN, LLP
275 Madison Avenue, Suite 705
New York, NY  10016
(646) 502-7751 (direct)
(800) 719-1617 (main)
(888) 272-8822 (fax)
pdodson@goldbergdohan.com

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants.

1.      N/A

_____
       s/ William J. Garry
William J.Garry

251684 1544269.1

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

26