UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TUCKER LAMB and JUSTINE RICHARDS,
in their individual capacities and on behalf of
    others similarly situated,
                              Plaintiffs,

    - against -

SINGH HOSPITALITY GROUP, INC.; HARENDRA
SINGH, an individual; RAJ & RAJ REALTY, LTD.,
d/b/a H.R. Singleton's or Singleton's; SRB
CONCESSION INC., d/b/a Singleton's Seafood
Shack; Quinn Restaurant Corp. d/b/a Water's
Edge; S.R.B. Convention & Catering Corp d/b/a
The Woodlands; H&R Concessions Inc. d/b/a Poco
Loco; BRS Restaurant Inc.; f/d/b/a Thom Thom's
Steak & Seafood; and RBS Restaurants Inc. f/d/b/a
Ruby's Famous BBQ Joint,
                              Defendants.
------------------------------------------------------------X

**Index No.: 2:11-cv-6060 MKB-ARL**

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR COLLECTIVE CERTIFICATION

## MEMORANDUM OF LAW

                              Gregory S. Lisi, Esq.
                              Lauren E. Kantor, Esq.
                              Forchelli, Curto, Deegan,
                              Schwartz, Mineo, Cohn
                              & Terrana, LLP.
                              The OMNI
                              333 Earle Ovington Blvd.
                              Suite 1010
                              Uniondale, NY 11553
                              Ph: (516) 678-1700
                              Fax: (516) 678-1729

## Table of Contents

**PRELIMINARY STATEMENT**..................................................................1

I.    **THE COURT SHOULD DENY CONDITIONAL CERTIFICATION OF PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIMS BECAUSE PLAINTIFFS' DECLARATION ARE FACTUALLY INSUFFICIENT TO SHOW THAT THE PLAINTIFFS ARE SIMILARLY SITUATED TO OTHER EMPLOYEES**..................................................................2

    A. The Standard for a Collective Action Under the Fair Labor Standards Act..................................................................2

    B. Plaintiffs' Unsupported Assertions are Not Sufficient to Demonstrate a 'Factual Nexus'..................................................................3

    C. Plaintiffs' Claims are Not Specific Enough to Demonstrate a 'Factual Nexus'..................................................................4

    D. There is No Common Policy or Plan Among the Pay Practices of the Defendants..................................................................5

        1. *The Plaintiffs Fail to State Causes of Action Against the Defendants for Deducting $2.00 for Lunch As This is Allowed By Law*..................................................................5

        2. *Credit Card Fees Are Allowed to be Deducted under the NYCRR*..................................................................5

        3. *Plaintiffs' Assertions Were False and Devoid of Evidence*..................................................................6

II.    **IF THE COURT CONDITIONALLY CERTIFIES A FLSA COLLECTIVE ACTION, THE PROPSECTIVE**

**CLASS SHOULD BE LIMITED TO EMPLOYEES OF ONLY THOSE RESTAURANTS AND THOSE POSITIONS THAT THEY WORKED IN WHICH ARE WITHIN THEIR PERSONAL KNOWLEDGE**..................................................................7

    *A. The Proposed Class Should be Limited to Restaurants Worked at by the Plaintiffs* ........................................7

    *B. The Proposed Class Should Be Limited to the Positions Within the Personal Knowledge of the Declarants* ..................9

    *C. Plaintiffs Proffer No Legal Basis For Expanding The Proposed Class Beyond the Alleged Personal Knowledge of Declarant* .................................10

**III. THE DEFENDANTS DO NOT CONSENT TO PLAINTIFFS' NOTICE OF COLLECTIVE ACTION**..............................................................................11

**IV. CONCLUSION**............................................................................12

# **TABLE OF AUTHORITIES**

Anglada v. Linens 'N Things, Inc., 2007 W 1552511 (S.D.N.Y. May 29, 2007)..................................................................................2, 3, 10, 11

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003).......................................................................................................4

Guan Ming Lin v. Benihana Nat'l Corp., 755 F.Supp.2d 504, 509 (S.D.N.Y. Dec. 15, 2010)........................................................................................................4

Hoffmann v. Sbarro. Inc., 982 F.Supp. 249, 261 (S.D.N.Y.1997)........................3, 11

Iglesias-Mendoza v. La Belle Farm. Inc., 239 F.R.D. 363 (S.D.N.Y.2007).................2

Meyers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010)......................................3

Morangelli v. Chemed Corp., 275 F.R.D. 99, 112 (E.D.N.Y. June 16, 2011................6

Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d. 114, 130 (E.D.N.Y. March 28, 2011)..........................................................................................................3

12 NYCRR 146-1.9 (2009).................................................................................5

12 NYCRR 146-1.9 (2011).................................................................................5

12 NYCRR 146-2.20 (2011)...............................................................................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TUCKER LAMB and JUSTINE RICHARDS,
in their individual capacities and on behalf of
others similarly situated,
                         Plaintiffs,

- against -

SINGH HOSPITALITY GROUP, INC.; HARENDRA
SINGH, an individual; RAJ & RAJ REALTY, LTD.,
d/b/a H.R. Singleton's or Singleton's; SRB
CONCESSION INC., d/b/a Singleton's Seafood
Shack; Quinn Restaurant Corp. d/b/a Water's
Edge; S.R.B. Convention & Catering Corp d/b/a
The Woodlands; H&R Concessions Inc. d/b/a Poco
Loco; BRS Restaurant Inc.; f/d/b/a Thom Thom's
Steak & Seafood; and RBS Restaurants Inc. f/d/b/a
Ruby's Famous BBQ Joint,
                         Defendants.
------------------------------------------------------------X

**Memorandum of Law for Defendants' Opposition to Plaintiffs' Motion for Collective Certification**

**Oral Argument Requested**

**Index No.: 2:11-cv-6060**

## PRELIMINARY STATEMENT

Plaintiffs' Motion for Collective Certification seeks to certify a conditional class pursuant to the Fair Labor Standards Act (FLSA). Plaintiffs' motion, however, lacks sufficient factual support for the certification of their proposed class. In support of Plaintiffs' motion they submit declarations, **that have not been notarized**, of Tucker Lamb, Justine Richards and Alyssa Spitaletta consisting of unsupported assertions. Plaintiffs' declarations fail to prove that they are 'similarly situated' as compared to other potential plaintiffs. If, however, the Court

1

finds conditional certification appropriate, the Plaintiffs' collective certification should be limited to the positions and restaurants the Plaintiffs work in.

I. **THE COURT SHOULD DENY CONDITIONAL CERTIFICATION OF PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIMS BECAUSE PLAINTIFFS' DECLARATION ARE FACTUALLY INSUFFICIENT TO SHOW THAT THE PLAINTIFFS ARE SIMILARLY SITUATED TO OTHER EMPLOYEES**

### A. The Standard for a Collective Action Under the Fair Labor Standards Act

Plaintiffs' Fair Labor Standards Act claim should be denied because Plaintiffs are unable to show a factual nexus demonstrating that the Plaintiffs are similarly situated to other employees within the proposed class. Since Plaintiffs' declarations are manifestly insufficient, a denial of conditional certification is warranted.

FLSA Certification pursuant to 29 U.S.C. § 216(b) is a two-step process. *See Iglesias-Mendoza v. La Belle Farm. Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y.2007). "At the first step, known as the notice phase, courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff. *Anglada v. Linens 'N Things, Inc.*, 2007 W 1552511 *4 (S.D.N.Y. May 29, 2007). "[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and

2

potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro. Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997). Plaintiffs must prove that a 'factual nexus' exists between their situation and the situation of other potential plaintiffs. *Rodriguez v. Almighty Cleaning, Inc.,* 784 F.Supp.2d. 114, 130 (E.D.N.Y. March 28, 2011).

"The second step involved in the FLSA collective action certification process occurs after notice has been sent to the prospective class members and after discovery has been conducted. At the second stage, the Court entertains, upon proper application, a decertification motion by a defendant challenging the propriety of the presence of one or more of the opt-in plaintiffs in the class." *Anglada v. Linens 'N Things, Inc.,* 2007 W 1552511 FN3 (S.D.N.Y. May 29, 2007)

### B. Plaintiffs' Unsupported Assertions are Not Sufficient to Demonstrate a 'Factual Nexus'

At this early stage, Plaintiff has an admittedly modest factual showing. *Sbarro,* 982 F.Supp. at 261. However, the Plaintiffs cannot show a factual nexus through 'unsupported assertions.' *Meyers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010). Plaintiffs' declarations are inadequate to meet this standard. For example, Mr. Lamb's declaration states "[w]hen I worked more than 40 hours a week, I would receive a second separate check for the hours above 40 I worked, paid at a 'straight time' (not time-and-a-half) rate." Mr. Lamb provides no proof of

3

the two checks and also provides no proof that this alleged practice is part of a common policy or plan amounting to a 'factual nexus' between the Plaintiffs' situation and that of potential plaintiffs' situations.

The Plaintiff Lamb also makes the unsupported assertion that the Defendants' "way of paying employees" applies to all servers, without any support to back up his claim. Plaintiff Lamb stating that he "talked to co-workers" is not enough support since he does not state who he talked to, when he spoke to them or where those employees worked.

### C. Plaintiffs' Claims are Not Specific Enough to Demonstrate a 'Factual Nexus'

In order for Plaintiffs' to prove a collective action should be certified their "allegations must be specific, not conclusory." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F.Supp.2d 504, 509 (S.D.N.Y. Dec. 15, 2010). Where there is no specificity, a factual nexus is absent. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) (finding sufficient factual nexus when "The Plaintiff has identified by name a number of current or former meat department employees who held the same or similar positions as the Plaintiff"). The Plaintiffs' ambiguous mention of coworkers without names or information as to where they worked fails to provide enough specificity to demonstrate a factual nexus showing potential Plaintiffs are similarly situated to the Declarants.

4

**D.     There is No Common Policy or Plan Among the Pay Practices of the Defendants**

***1. The Plaintiffs Fail to State Causes of Action Against the Defendants for Deducting $2.00 for Lunch As This is Allowed By Law***

The Plaintiffs allege that the Defendants' actions were part of a common policy or plan in order to justify a collective action then the Plaintiffs deducted $2.00 per shift for employees' meals. This allegation in no way supports Plaintiffs' motion for certification since as of January 2006, employers are permitted to value meal credits at $2.00 per meal. 12 NYCRR 146-1.9 (2009). As of January 2011 employers were entitled to charge employees meal credits of no more than $2.50 per year. 12 NYCRR 146-1.9 (2011). Accordingly, the Plaintiffs fail to state a cause of action against the Defendants when they charge that the Defendants deducted $2.00 from employees for meals.

***2. Credit Card Fees Are Allowed to be Deducted under the NYCRR***

Additionally, the Plaintiffs incorrectly argue that the Defendants have a wide pattern of making improper deductions. The Plaintiffs allege that it is improper for the Defendants to deduct credit card charges from the Plaintiffs. However, "when tips are charged on credit cards, an employer is not required to pay the employee's pro-rata share of the service charge taken by the credit card company for the

5

processing of the tip." NYCRR 146-2.20 (2011). Again, the Plaintiffs fail to state a cause of action against the Defendants' with their claim of improper deductions.

### 3. *Plaintiffs' Assertions Were False and Devoid of Evidence*

The Plaintiffs make a series of claims that are incorrect and should not be the basis of a collective action. First, despite their allegations, the Plaintiffs did not work overtime nor did they work over ten hours in a given day. The Plaintiffs were also given uninterrupted lunch periods and were paid for those lunch periods. Additionally, the Defendants did not have their employees participate in tip pooling. Plaintiffs were also reliably paid bi-weekly. Plaintiffs provide no evidence of any such action by the Defendants.

    **a.**     **Plaintiffs' Documentary Evidence is False and Misleading**

Plaintiffs' one example in which Mr. Lamb's Close Report said he worked approximately 11 hours and the pay records stated he worked 8 hours is false and misleading. Mr. Lamb worked 8 hours. Mr. Lamb did not punch out at the end of his shift, but left the clock running. When noticed, the manager changed the pay record to specify 8 hours, the only amount of time he worked. *See Affidavit of Harendra Singh* p.10; *See Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 112

6

(E.D.N.Y. June 16, 2011)("defendants point out that time records can be altered for legitimate reasons…one plaintiff provides a hypothetical technician not logging off at the end of the day, being approached about his time, and receiving a subsequent-proper-alteration of his time records."). When employers' records do not match employees records because employer has to alter records due to an employee not logging off, certification is not proper because "each claim of time alteration would be met by a viable affirmative defense that would require an individual inquiry." *Id.* Given that each issue of time alteration warrants an individual inquiry, certification is not proper.

Since the Plaintiffs' assertions were false and completely lacking of evidence, the Plaintiffs have failed to demonstrate a common policy or plan making them 'similarly situated' to a large collective class of potential plaintiffs.

## II. IF THE COURT CONDITIONALLY CERTIFIES A FLSA COLLECTIVE ACTION, THE PROPSECTIVE CLASS SHOULD BE LIMITED TO EMPLOYEES OF ONLY THOSE RESTAURANTS AND THOSE POSITIONS THAT THEY WORKED IN WHICH ARE WITHIN THEIR PERSONAL KNOWLEDGE

Plaintiffs' proposed class consists of thirteen (13) different restaurants. Although the Plaintiffs state that Singh Hospitality Group has been affiliated with Roslyn Fish Co., this is not the case. Out of the twelve (12) other restaurants stated by the Plaintiffs, the Plaintiffs admittedly only worked at three (3) of those

7

restaurants. This "class" is overly broad in a number. First, the class should be limited only to the entities the Plaintiffs Lamb, Richards and Spitaletta actually worked at. Second, the class should be limited to only those positions that the three Plaintiffs held. Lastly, the class should limited to only areas within the personal knowledge of the Plaintiffs.

### A. The Proposed Class Should be Limited to Restaurants Worked at by the Plaintiffs

The Plaintiff lists a total of thirteen restaurants to be part of the collective action including eight restaurants currently affiliated with Singh Hospitality Group, Inc. and five restaurants that were allegedly, at one time, affiliated with Singh Hospitality Group, Inc. Roslyn Fish Co. has never been affiliated with Singh Hospitality Group, Inc. However, all of these twelve restaurants should not be included in the collective action since each restaurant is separate and distinct from each other and operates as their own restaurant. Each operates under a separate corporation with separate management. **Ex. A.** Each restaurant is very different from the others and each has different hours, schedules, duties and supervisors. These Plaintiffs have no knowledge of the other nine restaurants and are not similarly situated to those employees that work at the other restaurants.

Tucker Lamb worked at H.R. Singleton's and Long Fin Seafood Restaurant. Justine Richards worked at Long Fin Seafood Restaurant and Alyssa Spitaletta worked at Singleton's Seafood Shack. Since the three Plaintiffs combined were only employed at three of the proposed twelve restaurants, they are not able to assert an employer-employee relationship with any of the restaurants that they did not work in. The Plaintiffs lack personal knowledge as to the terms, conditions, and requirements of any store, especially since the Plaintiffs only vaguely allege that that they know about Defendants' pay practices because (1) they spoke to coworkers and (2) the POS (cash register) computer system is used for all servers. First, there is no reason to believe that a fellow coworker, at their own restaurant, would have knowledge of pay procedures in another restaurant much less 12 different restaurants. Second, when the Plaintiffs state the cash register computer system is used for 'all servers' it's not clear if they are referring to 'all servers' at their own restaurant or they are referring to servers at other restaurants. Also, it is unclear how the plaintiffs would know the Defendants' cash register is used in restaurants that the Plaintiffs did not work at.

The Plaintiffs also have no personal knowledge as to the duties, responsibilities, practices, hours, or schedules as to any other restaurant. The Plaintiffs' motion does not support such a broad class. Therefore the conditional class should therefore only be limited to employees of HR Singleton's Restaurant,

Long Fin Seafood Restaurant and Singleton's Seafood Shack, the Plaintiffs' employers. The Plaintiffs should not be entitled to a collective action including all twelve restaurants because there is no evidence that these Plaintiffs are similarly situated to employees at these other restaurants. *See Anglada v. Linens 'N Things, Inc.*, 2007 W 1552511 *6 (S.D.N.Y. May 29, 2007).

### ***B.  The Proposed Class Should Be Limited to the Positions Within the Personal Knowledge of the Declarants***

The Plaintiffs only worked at H.R. Singleton's, Long Fin Seafood Restaurant and Singleton's Seafood Shack, were all servers and Plaintiffs Richards was also a bartender. Since the Declarants only worked two different jobs they cannot be 'similarly situated' to employees working in other positions, especially other positions at other restaurants. By the Plaintiffs' own admission, in their un-notarized declarations, there are at least eight categories of workers including: (i) servers, (ii) cooks, (iii) cashiers, (iv) dishwashers, (v) bussers, (vi) expediters, (vii) hosts/hostesses and (viii) bartenders. All of employees in these different positions have different duties, hours, responsibilities and schedules. Some are tipped employees and some are not. The Plaintiffs have no personal knowledge as to the work hours, terms, or conditions for other departments. The Plaintiffs do not even acknowledge second hand knowledge that their positions as servers and bartenders make them similarly situated to employees in other positions. Although Defendant

Lamb's declaration states that many of his coworkers work at other Singh restaurants he never specifies that the coworkers he allegedly spoke to about pay practices, were the employees that did in fact work at other Singh restaurants. He also never specifies what their positions were and what their names were. The Plaintiffs' unsupported assertions do not show that they in their positions as a server and bartender are similarly situated to employees in any other position including cooks and bussers. Accordingly, any class creation should be limited to servers and bartenders at the three restaurants above. *See Anglada v. Linens 'N Things, Inc.*, 2007 W 1552511 *4 (S.D.N.Y. May 29, 2007).

### C.  *Plaintiffs Proffer No Legal Basis For Expanding The Proposed Class Beyond the Alleged Personal Knowledge of Declarant.*

The Courts do not broaden classes beyond the personal knowledge of the Declarants. *Anglada*, 2007 WL 1552511, *6 (S.D.N.Y. May 29, 2007) (refusing to certify conditional class beyond the knowledge of Declarant); *Hoffman*, 982 F.Supp. at 262 (Courts deny certification when there is a total dearth of factual support for allegations of widespread wrongdoing). Here, the only three declarants have limited knowledge other than their own experiences. The Court in *Anglada* noted, "[b]ecause the Plaintiff's inductive reasoning as to the nationwide condition of Assistant Store Managers of Merchandising in all LNT stores nationwide is not

11

supported by the Plaintiff's personal knowledge or by the affirmation of one or more putatively similar employees…the standard for certifying a nationwide collective action has not been met". 2007 WL 1552511, *6 (S.D.N.Y. May 29, 2007). Therefore, this Court should refuse to certify any proposed class based on inductive reasoning as opposed to personal knowledge of the Plaintiffs.

### III. THE DEFENDANTS DO NOT CONSENT TO PLAINTIFFS' NOTICE OF COLLECTIVE ACTION

The Defendants do not consent to Plaintiffs' proposed judicial notice and opt-in form. The Defendants believe the Court should rule that the collective class should not be certified since the Plaintiffs are not similarly situated to the proposed class. If the Court does rule that a collective class should be certified, the Defendants request an opportunity to oppose the Plaintiffs' proposed judicial notice and opt-in form after discovery is completed.

### IV. CONCLUSION

Plaintiffs' motion to conditionally certify pursuant to the Fair Labor Standards Act should be denied because they Plaintiffs cannot establish a factual nexus between themselves and other employees who are similarly situated. The only factual support for Plaintiffs' motion are the Plaintiffs' factually devoid

declaration. The Plaintiffs' assertions that they spoke to other 'coworkers' even though they do not name any specific people, in any specific positions are insufficient to provide the basis for the conditional certification. The Plaintiffs also have no knowledge of employees' circumstances in different restaurants from those that they work in. Further, the class proposed is overly broad considering the fact that the basis for the class is mere supposition and not based on the personal knowledge of the Plaintiffs. The class should be limited to the restaurants Plaintiff worked in, *i.e.* HR Singleton's Restaurant, Long Fin Seafood Restaurant and Singleton's Seafood Shack, and the two positions the Plaintiffs worked in, server and bartender. The other nine separate corporations, restaurants should not be part of this matter.

Accordingly, the Court should deny Defendant's motion to conditionally certify pursuant to the Fair Labor Standards Act and deny Plaintiffs' request to compel Defendants to provide contact information for allegedly similarly situated individuals. In the alternative, the Court should limit the class certification to H.R. Singleton's, Long Fin Seafood Restaurant and Singleton's Seafood Shack and only include servers and bartenders.

Dated: March 11, 2013
      Uniondale, New York

                                          Gregory S. Lisi, Esq.

13

                                              Lauren E. Kantor, Esq.
                                              Forchelli, Curto, Deegan,
                                              Schwartz, Mineo, Cohn
                                              & Terrana, LLP.
                                              The OMNI
                                              333 Earle Ovington Blvd.
                                              Suite 1010
                                              Uniondale, NY 11553
                                              Ph: (516) 678-1700
                                              Fax: (516) 678-1729
                                              glisi@forchellilaw.com
                                              lkantor@forchellilaw.com

To: Penn U. Dodson, Esq.
    Anderson Dodson, P.C.
    11 Broadway, Suite 615
    New York, NY 10004
    Ph: (212) 961-7639
    penn@sunnysidelaw.com

14