UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
TUCKER LAMB and JUSTIN RICHARDS,
in their individual capacities and on behalf of
others similarly situated,

                Plaintiffs,                **MEMORANDUM & ORDER**
                                                          11-CV-6060 (MKB)
       v.

SINGH HOSPITALITY GROUP, INC., et al.,

                Defendants.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiffs Tucker Lamb and Justin Richards filed the above-captioned action against Defendants Singh Hospitality Group, Inc. ("Singh Hospitality"), Harendra Singh ("Singh"), Raj & Raj Realty Ltd. ("Raj & Raj"), SRB Concession Inc. ("SRB Concession"), Quinn Restaurant Corp. ("Quinn Restaurant"), S.R.B. Convention & Catering Corp. ("S.R.B. Convention"), H & R Concessions Inc. ("H & R"), BRS Restaurant Inc. ("BRS Restaurant") and RBS Restaurants ("RBS Restaurants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law on behalf of themselves and other similarly situated individuals. Plaintiff Alyssa Spitaletta joined the action on July 16, 2012. On February 25, 2013, Plaintiffs moved to conditionally certify a collective action pursuant to the FLSA, to issue a court-authorized notice of the action to potential opt-in Plaintiffs, and to compel Defendants to produce contact information for all individuals in the opt-in class. (Docket Entry No. 15.) The motion was referred to Magistrate Judge Arlene Lindsay for a report and recommendation. (Court Order dated March 14, 2013.) On May 13, 2013, Judge Lindsay filed a report and recommendation (the "Report & Recommendation") recommending that Plaintiffs' motion be granted in part and

denied in part. (Docket Entry No. 19 ("R&R").) Defendant timely filed objections. (Docket Entry No. 20.) For the reasons set forth below, the Report & Recommendation is adopted in its entirety.

## I. Background

### a. Factual Background

The facts and procedural history of this action are set forth in detail in Judge Lindsay's Report & Recommendation and are repeated here as necessary to provide context for this decision. Defendant Singh Hospitality is an umbrella corporation that operates restaurants in the greater New York City area and on Long Island. (Compl. ¶ 7.) Each of the other Defendants is the owner or operator of one or more restaurants. Defendant Raj & Raj does business as H.R. Singleton's or Singleton's. (Compl. ¶ 12–13.) Defendant SRB Concession does business as Singleton's Seafood Shack. (Compl. ¶ 18–19.) Defendant Quinn Restaurant does business as Water's Edge. (Compl. ¶ 43–44.) Defendant S.R.B. Convention does business as The Woodlands. (Compl. ¶ 23–24.) Defendant H & R does business as Poco Loco. (Compl. ¶ 38–39.) Defendant BRS Restaurant formerly did business as Thom Thom's Steak & Seafood. (Compl. ¶ 28–29.) Defendant RBS Restaurants formerly did business as Ruby's Famous BBQ Joint. (Compl. ¶ 33–34.) Defendant Singh is the chief executive officer and the sole shareholder of Defendant Singh Hospitality and the other corporate entity Defendants. (Singh Aff. ¶ 1; Pls. Ex. E, Defs. Resp. to Inter. No. 3; Defs. Ex. A.)

According to Defendant Singh, Singh Hospitality "currently reports the financials" of H.R. Singleton's, Singleton's Seafood Shack, The Woodlands, Poco Loco and The Water's

Edge.[1] (Singh Aff. ¶ 3.) In the past, Singh Hospitality has been affiliated with Thom Thom's Steak & Seafood and Ruby's Famous BBQ Joint.[2] (*Id.*)

In August 2010, Plaintiff Tucker Lamb began working as a waiter at HR Singleton's and/or Long Fin Seafood Restaurant ("Long Fin"). (Lamb Decl. ¶¶ 2–3.) Plaintiff Justine Richards worked as a waitress at Long Fin from August to December 2010. (Richards Decl. ¶¶ 2–3.) Plaintiff Alyssa Spitaletta worked as a waitress in Singleton's Seafood Shack ("Seafood Shack") during the summer period from mid-May to October 2009, 2010, and 2011 and from mid-May to June 26, 2012. (Spitaletta Decl. ¶ 2.) Plaintiffs assert, based on personal experience and conversations with employees who had worked at some of Defendants' other restaurants, that all restaurant employees were subject to the same employment practices and compensation policies, including improper deductions from tips for credit card charges, improper deductions for meals, improper deductions for credit card charges, underpayment for overtime hours and untimely receipt of paychecks. (Lamb Decl. ¶ 12, Richards Decl. ¶ 12, Spitaletta Decl. ¶¶ 11–12; *see also* R&R 6–8.)

### b. Procedural History

Plaintiffs Lamb and Richards commenced this FLSA action on December 13, 2011, on behalf of themselves and other similarly situated employees to recover unpaid wages, overtime and other damages. On July 16, 2012, Plaintiff Spitaletta filed a consent to become a party to this action. (Docket Entry No. 11.) Thereafter, on February 25, 2013, Plaintiffs filed a motion seeking (1) to conditionally certify a collective action pursuant to FLSA Section 216(b);

---

[1] Singh Hospitality also reports the financials of three other restaurants which are not named as defendants in this action: The Woodlands at the Greens, Feugo Picante and Singleton's Salsa Shack. (Singh Aff. ¶ 3.)

[2] Singh Hospitality has also been affiliated with Long Fin Seafood Restaurant and The Delano Mansion. (Singh Aff. ¶ 4.)

(2) court-authorized notice of the action to potential opt-in Plaintiffs; and (3) an order directing Defendant to provide the names and last known addresses of all potential opt-in Plaintiffs.

In recommending that the Court grant Plaintiffs' motion in part and deny it in part, Judge Lindsay found that Plaintiffs have provided sufficient evidence that Plaintiffs are similarly situated with all wait staff, bussers and bartenders employed by the Defendants' restaurants on or after December 13, 2008. In reaching this conclusion, Judge Lindsay determined that wait staff, bussers and bartenders at all of Defendants' restaurants could be included because Plaintiffs had provided sufficient evidence that Defendants constitute a single employer. (R&R 7.) Judge Lindsay found that Plaintiffs had not provided sufficient evidence for the Court to conclude that Plaintiffs are similarly situated with all of Defendants' hourly employees because Plaintiffs' alleged violations concerned pay practices that do not appear to effect the wages of Defendants' cooks, cashiers, dishwashers, expediters, and host/hostesses. (R&R 7.) Judge Lindsay recommended that Plaintiff be granted leave to renew their request "should discovery reveal that [D]efendants' payment policies implicated other hourly employees." (R&R 8.)

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no

4

clear error is apparent from the face of the record.  28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2.

When determining whether a matter should proceed as a collective action under the FLSA, courts employ a two-step process.  *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010) ("In determining whether to exercise this discretion in an 'appropriate case[],' the district courts of this Circuit appear to have coalesced around a two-step method, a method which, while . . . not required by the terms of FLSA or the Supreme Court's cases, we think is sensible." (alteration in original) (footnote omitted)).  First, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  At this stage, the plaintiffs are required to make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id*. (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).)  "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist."  *Id.* (citations and internal quotation marks omitted).  If the plaintiffs can satisfy this "minimal burden," the court certifies the class and provides for notice to be sent to the potential class members who are then given the chance to opt in to the action."  *Jin Yun Zheng*, 2013 WL 5132023, at *4.  At the second stage, after the completion of discovery, the court "will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-

5

certified' if the record reveals that they are not, and the opt-in plaintiffs may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

### b.   Objections to the Report & Recommendation

Defendants object to Judge Lindsay's recommendation that employees of all of Defendants' restaurants should be included in the class certification.[3] (Defs. Objs. 1.) Defendants argue that the class should be limited to individuals who worked at the three restaurants where the named Plaintiffs actually worked — HR Singleton's, Long Fin and Seafood Shack. (*Id.*) According to Defendants, "each restaurant is separate and distinct from each other and operates as their own restaurant," and "[e]ach operates under a separate corporation with separate management." (*Id.*) Each restaurant is "very different from the others" and "has different hours, schedules, duties and supervisors," and therefore Defendants cannot be considered a single employer. (*Id.* at 1–2.)

In determining whether multiple defendants constitute a single employer under the FLSA, "courts consider the following factors: (1) interrelations of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership and financial control." *Perez v. Westchester Foreign Autos, Inc.*, No. 11-CV-6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013); *see also Salomon v. Adderley Indus., Inc.*, No. 11-CV-6043, 2013 WL 4308569,

---

[3] Defendants also incorporate "the balance of [their] opposition [presented to Judge Lindsay] . . . by reference and ask the Court to deny Plaintiff's request to compel Defendants to provide contact information for allegedly similarly situated individuals." (Defs. Objs. 3.) However, "incorporation by reference of prior arguments presented to a magistrate judge are not specific objections that trigger *de novo* review." *Comins v. Astrue*, No. 05-CV-556, 2009 WL 819379, at *1 n.2 (N.D.N.Y. Mar. 26, 2009), *aff'd*, 374 F. App'x 147 (2d Cir. 2010); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority" does not constitute an objection). Having reviewed the recommendations, the Court, finding no clear error, adopts Judge Lindsay's recommendation that Plaintiffs' proposed class be defined as wait staff, bussers and bartenders employed by Defendants' restaurants on or after December 13, 2008.

at *5 (S.D.N.Y. Aug. 16, 2013) (analyzing the four factors in determining whether to permit the plaintiffs, who had already been certified as a collective class, to add additional defendants who allegedly constituted part of the same "single employer"); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 84 (E.D.N.Y. Sept. 9, 2011) (listing the four factors). It is undisputed that all corporate entity Defendants are owned by Defendant Singh. (Singh Aff. ¶ 1; Pls. Ex. E, Defs. Resp. to Inter. No. 3; Defs. Ex. A.) In addition, Plaintiffs allege that Defendant Singh exercises substantial control over all of Defendants' employees. (Compl. ¶ 50.) Defendants uniformly calculated their employees' pay with the "NetPos system and AcuData," timekeeping and payroll systems, "based on the hours of the time the employees entered." (Defs. Resp. to Inter. No. 8.) All of Defendants' new hire forms must be signed by Singh, and Defendants utilize one common human resources department. (*See* Pl. Mot. 10 (citing D-67, D-69, D-74).) Thus, while each restaurant may have its own, separate management structure, Plaintiffs have submitted evidence that they are all subject to a common management. *See Agudelo v. E & D LLC*, No. 12-CV-0960, 2012 WL 5426420 (S.D.N.Y. Nov. 5, 2012) (conditionally certifying the proposed class where the restaurants were part of a single hospitality group and plaintiffs alleged that "the restaurants operated under the control of [the leader of the hospitality group] [and] that the restaurants utilize a common pay policy"). Although Plaintiffs only worked at three of Defendants' restaurants, all of Defendants' restaurants use the same payment systems, (Defs. Resp. to Inter. No. 8), and Plaintiffs allege, based on their conversations with coworkers who had worked at some of Defendants' other restaurants, that the complained of policies applied to employees at Defendants' other restaurants, (*see, e.g.*, Lamb Decl. ¶ 12; Richards Decl. ¶ 12; Spitaletta Decl. ¶¶ 11–12). Thus, Plaintiffs have demonstrated some interrelation of operations

and alleged some common management among all of Defendants' restaurants.[4] *See Mendoza v. Ashiya Sushi 5, Inc.*, No.12-CV-8629, 2013 WL 5211839, at *5 (S.D.N.Y. Sept. 16, 2013) (certifying plaintiff's proposed class action with respect to the New York restaurants, for which plaintiff demonstrated a common factual nexus by, among other things, asserting that based on his observations and conversations with other employees, the New York restaurants were subject to the same employment conditions as he was, but not for other restaurants nationwide, for which there was no factual nexus because plaintiff did not allege that there was a common corporate structure among all the locations and did not assert that he had any interaction with employees from restaurants outside New York). While Defendants argue that each of the restaurants is distinct, Plaintiffs have demonstrated that there are issues of fact regarding whether Defendants operate as a single employer. These issues of fact should be determined following discovery, at the second stage of FLSA collective action certification, rather than at this preliminary stage. *See, e.g.*, *Tiro v. Pub. House Investments, LLC*, 288 F.R.D. 272, 279 (S.D.N.Y. 2012) ("Whether or not Defendants operated as a single enterprise is a complicated and fact-specific inquiry that is not properly determined at the class certification stage. The same is true of the alleged management structure at each restaurant. These issues must be litigated further, and cannot be decided at this time.").

---

[4] Defendants argue that they "do not demonstrate interrelation of operations since there is no sharing of employees or office space." (Defs. Objs. 2.) The fact that Defendants do not share employees or office space is not dispositive of whether Defendants' operations are interrelated. Moreover, the interrelation of operations is just one factor courts consider when determining whether multiple defendants constitute a single employer. *See Trs. of United Health & Welfare Fund v. N. Kofsky & Son, Inc.*, No. 08-CV-11219, 2013 WL 5356868, at *6 (S.D.N.Y. Sept. 26, 2013) (stating that none of the four factors looked to when determining whether two companies constitute a single employer is controlling and not all of them need to be present).

Defendants complain that Plaintiffs have no personal knowledge of the payment practices at Defendants' other restaurants; however, "[i]t is not necessary for the purposes of conditional certification that the prospective class members all . . . worked at the same locations as the named plaintiffs." *Cano v. Four M Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (collecting cases).[5] Plaintiffs have alleged that they spoke to coworkers who had worked at some of Defendants' other restaurants and that the complained of policies applied to employees at Defendants' other restaurants as well. (Lamb Decl. ¶ 12; Richards Decl. ¶ 12; Spitaletta Decl. ¶¶ 11–12.) In addition, some of Plaintiffs' claims arise out of the way in which the computer system calculated payments, and it is undisputed that all of Defendants' restaurants used the same payment system. (Defs. Resp. to Inter. No. 8.) The fact that Plaintiffs have not personally worked at all of Defendants' restaurants "does not undermine the conditional

---

[5] The cases cited by Defendants in support of the proposition that "[c]ourts do not broaden classes beyond the personal knowledge of the Declarants" are inapposite. In *Anglada*, one named plaintiff sought to certify a nationwide collective action. *Anglada v. Linens 'N Things, Inc.*, No. 06-CV- 12901, 2007 WL 1552511, at *5 (S.D.N.Y. Apr. 26, 2007), *report and recommendation adopted* (May 22, 2007). The defendants offered declarations demonstrating the individuality of the management and operation practices of the stores, and the plaintiff offered no supporting declarations or affidavits from other similarly situated individuals located at other stores. *Id.* The court found that the Plaintiff's inductive reasoning based on his experience at two stores was insufficient to certify a nationwide collective action. *Id.* Here, three Plaintiffs have alleged that they were subject to the same unlawful pay practices at three of Defendants' restaurants, and have provided evidence that the same pay practices were employed at Defendants' other restaurants. As discussed above, the fact that Plaintiffs have not worked at all of Defendants' restaurants does not undermine their claim, because employees of those other restaurants may still be similarly situated so long as they were subjected to a "common unlawful policy or practice." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (emphasis omitted). In *Hoffman*, the court explained that courts deny certification where there is a "total dearth of factual support for the plaintiffs' allegations of widespread wrongdoing." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). In this case, Plaintiffs' allegations are supported by, among other things, their declarations, and courts "regularly determine that two or three declarations corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA." *Colon v. Major Perry St. Corp.*, No. 12-CV-3788, 2013 WL 3328223, at *6 (S.D.N.Y. July 2, 2013) (citing cases).

certification of the class since 'under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, *provided they are subject to a common unlawful policy or practice.*" *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (emphasis added) (quoting *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009)). Plaintiffs have alleged that Defendant Singh commonly owned and controlled the other Defendants, have provided firsthand evidence of a common policy and practice of unlawful payment practices at three of Defendants' restaurants, and have presented evidence that all restaurants owned by Defendants had the same unlawful payment practices. *See Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 351 (E.D.N.Y. 2012) (granting conditional class certification where the defendants "commonly owned and controlled" six store locations, the plaintiffs offered "firsthand evidence of a common policy and practice" at three of the six stores, and there was evidence that all stores had a common illegal policy). Plaintiffs have satisfied their "very low" burden to show that the potential opt-in Plaintiffs are "similarly situated." *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-CV-7795, 2013 WL 5303766 (S.D.N.Y. Sept. 20, 2013); *see also Macpherson v. Firth Rixson Ltd.*, No. 12-CV-6162, 2012 WL 2522881 (W.D.N.Y. June 28, 2012) (explaining that at the conditional certification stage only a "low standard of proof" is required "because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist"). Thus, Judge Lindsay correctly found that the proposed class should not be limited as proposed by Defendants.

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Lindsay's Report & Recommendation in its entirety. The Court conditionally certifies a collective action pursuant to 29 U.S.C. § 216(b) of all wait staff, bussers and bartenders employed at Defendants' restaurants on or after

December 13, 2008, with leave to renew should discovery reveal that Defendants' payment policies implicated other hourly employees. Defendants are ordered to provide the names and contact information for each of the employees in the potential collective action. Plaintiffs are ordered to revise the notice of action and opt-in form to the potential opt-in Plaintiffs by October 11, 2013. Defendants shall file any objections to the notice and form on or before October 25, 2013.

                                                                             SO ORDERED:

                                                                             _____s/ MKB_____
                                                                             MARGO K. BRODIE
                                                                             United States District Judge

Dated: September 30, 2013
       Brooklyn, New York