UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TUCKER LAMB, JUSTINE RICHARDS, and
ALYSSA SPITALETTA,
in their individual capacities and
on behalf of others similarly situated,
    Plaintiffs,

v.

SINGH HOSPITALITY GROUP, INC.;
HARENDRA SINGH, an individual;
RAJ & RAJ REALTY, LTD.,
H&R CONCESSIONS INC.;
QUINN RESTAURANT CORPORATION;
SRB CONCESSION INC.;
S.R.B. CONVENTION & CATERING CORP;
SRB HOSPITALITY INC.;
BRS REST. INC.;
RBS RESTAURANTS INC.,;
AND "DOE CORPS. #1-10", such entities being fictious
placeholders to stand for any other entities affiliated with
Singh Hospitality Group, Inc. and/or Harendra Singh,

    Defendants.

Case No. 2:11-cv-6060-MKB-ARL

---

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The plaintiffs, Tucker Lamb, Justine Richards, and Alyssa Spitaletta ("Plaintiffs") and the above-captioned Defendants ("Defendants"), hereby request that this Court approve the parties' settlement of this matter. As the Plaintiffs' action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court.

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wage or unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. 29 U.S.C. § 216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA]"). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. See *Manning v. New York Univ.*, 2001 WL 963982, at *12-13 (S.D.N.Y. Aug. 22, 2001) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8, (1946)

and *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

*Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, 11-12 (S.D.N.Y. 2007).

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action.

In order for the presiding judge to assess the settlement for fairness and reasonableness of the settlement, the parties will submit a copy of the Settlement Agreement along with a letter describing the case, directly to chambers via fax or mail, or via ECF under seal, for *in camera* review, within a week of this filing, in communication with this Court's staff and/or as pursuant to this Court's Individual Rules to determine which method of submission is preferable. In accordance with the terms of the agreement, the parties ask that these documents be maintained confidentially.

WHEREFORE, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice.

Respectfully submitted,

Gregory Lisi
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP
333 Earle Ovington Blvd, Ste 1010
Uniondale, NY 11553
*Attorneys for Defendants*

Dated: 7/18/14

Penn Dodson (PD 2244)
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
*Attorneys for Plaintiffs*

Dated: 7/22/14

SO ORDERED:

_____
U.S.D.J

Dated: _____